1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT EMERSON FELIX,<br><br>Plaintiff,<br><br>v.<br><br>STEPHANIE CLANDENIN, *et al.*,<br><br>Defendants. | Case No.  1:23-cv-00839-ADA-BAM (PC)<br><br>ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* WITHOUT PREJUDICE, DENYING MOTION FOR COUNSEL WITHOUT PREJUDICE, AND DENYING MOTION FOR COPY OF LOCAL RULES<br><br>(ECF No. 6)<br><br>ORDER TO SUBMIT NON-PRISONER APPLICATION TO PROCEED *IN FORMA PAUPERIS* OR PAY FILING FEE<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Scott Emerson Felix ("Plaintiff") is a civil detainee proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983.  Individuals detained pursuant to California Welfare and Institutions Code § 6600 et seq. are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act.  *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000).

On June 5, 2023, the Court directed Plaintiff to submit a non-prisoner application to proceed *in forma pauperis* or pay the filing fee to proceed with this action.  (ECF No. 3.)

On July 10, 2023, Plaintiff filed a motion requesting that the Court: (1) grant his application to proceed *in forma pauperis*; (2) order the Clerk to provide him a copy of the Court's Local Rules; (3) appoint him counsel.  (ECF No. 6.)  Attached as exhibits to the filing are

1

1    Plaintiff's declaration in support of his motion, a copy of Plaintiff's trust account statement, a

2    completed but unsigned application to proceed *in forma pauperis*, and a completed

3    consent/decline of U.S. Magistrate Judge jurisdiction.  (*Id.*)

4    **I.**      **Motion to Proceed *In Forma Pauperis***

5         To the extent that Plaintiff intended to file his application to proceed *in forma pauperis*,

6    even though it is attached only as an exhibit to his filing, the application is denied, without

7    prejudice.  Both the Federal Rules of Civil Procedure and this Court's Local Rules require that all

8    filed pleadings, motions and papers be signed by at least one attorney of record or by the party

9    personally if the party is unrepresented.  Fed. R. Civ. P. 11(a); Local Rule 131(b).  Although

10    Plaintiff has signed other portions of his filing, the application itself is not signed.  Plaintiff will

11    be permitted an opportunity to file a completed and signed application.  Plaintiff does **not** need to

12    file another copy of his trust account statement.

13    **II.**      **Motion to Appoint Counsel**

14         Plaintiff requests appointment of counsel because he is civilly detained, and due to the

15    complexities and exceptional circumstances involved in the case.  (ECF No. 6.)

16         First, Plaintiff is not yet proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, as

17    discussed above.  However, even assuming the Court granted Plaintiff's request to proceed *in*

18    *forma pauperis*, Plaintiff would not have a constitutional right to appointed counsel in this action,

19    *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d

20    952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff

21    pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S.

22    296, 298 (1989).  However, in certain exceptional circumstances the court may request the

23    voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

24         Without a reasonable method of securing and compensating counsel, the Court will seek

25    volunteer counsel only in the most serious and exceptional cases.  In determining whether

26    "exceptional circumstances exist, a district court must evaluate both the likelihood of success on

27    the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the

28    complexity of the legal issues involved."  *Id.* (internal quotation marks and citations omitted).

1    The Court has considered Plaintiff's request, but does not find the required exceptional

2    circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has

3    made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.

4    This Court is faced with similar cases filed by prisoners and civil detainees who are proceeding

5    *pro se* in cases which they find complex and exceptional almost daily.  These litigants also must

6    conduct legal research, pay for photocopies, and litigate their cases without the assistance of

7    counsel.

8    Furthermore, at this stage in the proceedings, the Court cannot make a determination that

9    Plaintiff is likely to succeed on the merits.  The complaint has not been screened, and no

10   defendants have appeared.  There is no indication that the Plaintiff is likely to succeed on his

11   constitutional claims.  Finally, based on a review of the record in this case, the Court finds that

12   Plaintiff can adequately articulate his claims.

13   **III.    Request for Copy of Local Rules**

14   With respect to Plaintiff's request for a copy of the Local Rules, Plaintiff is advised that

15   the Court generally does not send litigants free copies of rules or case law, even when proceeding

16   *in forma pauperis*, and any deviation from that standard practice represents an exception which

17   must be justified.  Copies of the Court's Local Rules should be available to Plaintiff from the law

18   library at his institution.

19   **IV.    Order**

20   Accordingly, IT IS HEREBY ORDERED as follows:

21   1.    Plaintiff's motion to proceed *in forma pauperis*, (ECF No. 6), is DENIED without

22   prejudice;

23   2.    Plaintiff's motion to appoint counsel, (ECF No. 6), is DENIED without prejudice;

24   3.    Plaintiff's motion for a copy of the Local Rules, (ECF No. 6), is DENIED;

25   4.    The Clerk of the Court shall send to Plaintiff the attached **non-prisoner** application to

26   proceed *in forma pauperis*;

27   5.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file the

28   attached application to proceed *in forma pauperis* for a **non-prisoner**, completed and

3

signed, or in the alternative, pay the $402.00 filing fee for this action; and

6. **Plaintiff is warned that the failure to comply with this order will result in dismissal of this action, without prejudice.**

IT IS SO ORDERED.

Dated:   **July 12, 2023**                          /s/ *Barbara A. McAuliffe*
                                                        UNITED STATES MAGISTRATE JUDGE

4