# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT EMERSON FELIX, | Case No. 1:23-cv-00839-ADA-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION BE DENIED |
| v. | |
| CLANDENIN, *et al.*, | |
| Defendants. | (ECF No. 9) |
| | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Scott Emerson Felix ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Individuals detained pursuant to California Welfare and Institutions Code § 6600 *et seq.* are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000). Plaintiff's complaint has not yet been screened.

Currently before the Court is Plaintiff's emergency motion for a temporary restraining order and preliminary injunction, filed September 7, 2023. (ECF No. 9.)

**I.    Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction**

In his motion, Plaintiff requests a temporary restraining order and preliminary injunction restraining Defendants and their officers, agents, servants, employees, and all persons in concert and participation with them from: (1) removing the furniture presently installed on the

1

1  Department of State Hospitals' ("DSH") Coalinga State Hospital ("CSH") unit wherein Plaintiff
2  resides, and (2) installing the "Norix Furniture" that is presently scheduled to be installed on said
3  unit. (*Id.*) Plaintiff argues that installation of the Norix furniture would needlessly subject him
4  to: (1) spending the entire night fearing rolling off of the extremely narrow Norix bed; (2) having
5  to remove about half of his personal property, most of which is legal material, as Norix furniture
6  provides approximately half of the storage space of the present furniture; and (3) being subjected
7  to the anger of the other patients on his CSH unit who are deprived of privacy as the Norix
8  furniture is so much smaller than the present furniture (which acts as a privacy barrier), and is
9  being installed in such a manner that patients have no privacy whatsoever while they are within
10 their bed areas. Plaintiff contends that because defendants have never noted any safety and
11 security risks on Plaintiff's CSH unit caused by the present furniture, there can be no possible
12 justification for the "unconstitutionally punitive conditions" created by the installation of the
13 Norix furniture. (*Id.*)

**II.     Legal Standard**

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Id.* at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.*

///

Furthermore, the pendency of this action does not give the Court jurisdiction over prison or state hospital officials in general. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491−93; *Mayfield*, 599 F.3d at 969.

## III.   Discussion

Plaintiff has not met the requirements for the injunctive relief he seeks in this motion. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Although Plaintiff is a civil detainee and not a prisoner, because Plaintiff is proceeding *in forma pauperis*, Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

As Plaintiff's complaint has not yet been screened, the Court cannot find that Plaintiff has shown a likelihood of success on the merits. In addition, no defendant has been ordered served, and no defendant has yet made an appearance. Thus, the Court at this time lacks personal jurisdiction over any staff or employees at Plaintiff's current institution or any other DSH institution, and it cannot issue an order requiring them to take, or forbid them from taking, any action.

Further, Plaintiff's motion makes no showing that he will suffer irreparable harm in the absence of an injunction, that the balance of equities tips in his favor, or that an injunction is in the public interest. Plaintiff's complaint will be screened in due course.

## IV.   Recommendation

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's emergency motion for a temporary restraining order and preliminary injunction, (ECF No. 9), be DENIED.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written

objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **September 18, 2023**          /s/ *Barbara A. McAuliffe*
                                                              UNITED STATES MAGISTRATE JUDGE