UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT EMERSON FELIX,<br><br>   Plaintiff,<br><br>   v.<br><br>STEPHANIE CLANDENIN,<br><br>   Defendant. | No.  1:23-cv-00839-ADA-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S CONSTRUED MOTION TO DECLINE ALL MAGISTRATE JUDGE INVOLVEMENT IN HIS CASE<br><br>(ECF No. 14) |

On October 4, 2023, Plaintiff Scott Emerson Felix filed a document designated on the docket as "CONSENT/DECLINE of U.S. Magistrate Judge Jurisdiction."  (ECF No. 14.)  Upon closer inspection of the document, it appears that Plaintiff seeks clarification about the role of Magistrate Judge Barbara A. McAuliffe in his case following his notice declining magistrate judge jurisdiction.  (*See id.* at 1.)

Pursuant to 28 U.S.C. § 636 and Local Rule 302, magistrate judges in the Eastern District of California oversee civil rights cases filed by plaintiffs in custody, like this one.  This means that magistrate judges hear and determine all non-dispositive pretrial matters.  28 U.S.C. § 636(b)(1)(A).  They also conduct hearings and issue findings and recommendations on dispositive matters such as motions to dismiss and motions for summary judgment.  *Id.* § 636(b)(1)(B).  Those findings and recommendations are subject to de novo review by a district court judge.  *Id.* § 636(b)(1)(C).  Parties may stipulate to have a magistrate judge hear and make final rulings on

dispositive matters, conduct trial, and enter final judgment without review from the district court. *Id.* § 636(c)(1).  They may not, however, stipulate to have a district court judge hear all matters without the assistance of a magistrate judge.

When Plaintiff filed a notice declining magistrate judge jurisdiction in this case, he declined the opportunity to have a magistrate judge make final determinations of pretrial motions, conduct trial, and enter final judgment without district court review.  His notice did not terminate Magistrate Judge McAuliffe's role in conducting her duties pursuant to Local Rule 302. Therefore, to the extent Plaintiff moves for this Court to assume duties that have been delegated to Magistrate Judge McAuliffe by Local Rule, that request is denied.

In his filing, Plaintiff states that he was declining "the assignment of Judge Barbara A. McAuliffe, due to prior prejudice rulings."  (ECF No. 14 at 1.)  To the extent that Plaintiff seeks to disqualify Magistrate Judge McAuliffe, he should file a motion and affidavit to that effect.  It would be proper for Magistrate Judge McAuliffe to address the facial sufficiency of such a motion and affidavit in the first instance.  *See United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978).

Accordingly,

1. Plaintiff's construed motion to decline the involvement of Magistrate Judge McAuliffe in all aspects of his case is denied; and
2. The matter is referred back to Magistrate Judge McAuliffe for further proceedings.

IT IS SO ORDERED.

Dated:   October 10, 2023

UNITED STATES DISTRICT JUDGE

2