1

2

3

4

5

6

7              **UNITED STATES DISTRICT COURT**

8                  EASTERN DISTRICT OF CALIFORNIA

9

| | |
|---|---|
| 10   SCOTT EMERSON FELIX, | Case No.  1:23-cv-00839-KES-BAM (PC) |
| 11              Plaintiff, | ORDER VACATING FINDINGS AND RECOMMENDATIONS TO DISMISS |
| 12        v. | ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY |
| 13   STEPHANIE CLANDENIN, *et al.*, | COURT ORDER, AND FAILURE TO PROSECUTE |
| 14              Defendants. | (ECF No. 22) |
| 15 | ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL |
| 16 | (ECF No. 24) |
| 17 | ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR EXTENSION OF TIME |
| 18 | (ECF No. 24) |
| 19 | **THIRTY (30) DAY DEADLINE** |

20

21         Plaintiff Scott Emerson Felix ("Plaintiff") is a civil detainee proceeding pro se and in

22   forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Individuals detained

23   pursuant to California Welfare and Institutions Code § 6600 *et seq.* are civil detainees and are not

24   prisoners within the meaning of the Prison Litigation Reform Act.  *Page v. Torrey*, 201 F.3d

25   1136, 1140 (9th Cir. 2000).

26   **I.      Procedural Background**

27         On June 14, 2024, the Court issued a screening order granting Plaintiff leave to file a first

28   amended complaint or a notice of voluntary dismissal within thirty (30) days.  (ECF No. 21.)  The

1

1  Court expressly warned Plaintiff that the failure to comply with the Court's order would result in

2  a recommendation for dismissal of this action, with prejudice.  (*Id.* at 10.)  Following Plaintiff's

3  failure to file an amended complaint or otherwise communicate with the Court, on July 31, 2024,

4  the Court issued findings and recommendations to dismiss this action, with prejudice, for failure

5  to state a claim, failure to obey a court order, and failure to prosecute.  (ECF No. 22.)  Plaintiff

6  was directed to file any objections to the findings and recommendations within fourteen (14)

7  days.  (*Id.*)

8  Currently before the Court is Plaintiff's motion for a ninety-day continuance.[1]  (ECF No.

9  24.)  Plaintiff states that he requires a ninety-day extension of time to receive specific medical and

10  legal documents to submit to the Court in response to the June 13, 2024[2] screening order, to cure

11  the deficiencies in the complaint.  Plaintiff further requests immediate appointment of counsel.

12  The motion is signed and dated July 1, 2024, and includes a proof of service indicating it was

13  mailed on July 1, 2024.  (*Id.*)

14  **II.     Request for Appointment of Counsel**

15  With respect to Plaintiff's request for appointment of counsel, Plaintiff is reminded that he

16  does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113

17  F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir.

18  1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C.

19  § 1915(e)(1).  *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).

20  However, in certain exceptional circumstances the court may request the voluntary assistance of

21  counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

22  Without a reasonable method of securing and compensating counsel, the Court will seek

23  volunteer counsel only in the most serious and exceptional cases.  In determining whether

24  "exceptional circumstances exist, a district court must evaluate both the likelihood of success on

25  ---

[1] Plaintiff's motion for reconsideration as to temporary restraining order was also received on August 2, 2024.  (ECF
26  No. 23.)  To the extent Plaintiff seeks reconsideration of the District Judge's June 10, 2024 order adopting the
findings and recommendation that Plaintiff's emergency motion for a temporary restraining order and preliminary
27  injunction be denied, (ECF No. 20), through his motion for reconsideration or in the instant motion for extension of
time, those arguments will be addressed by separate order from the District Judge.

28  [2] The screening order was signed on June 13, 2024 and docketed on June 14, 2024.  (ECF No. 21.)

the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed by prisoners and civil detainees who are proceeding *pro se* in cases which they find complex and exceptional almost daily.  These litigants also must litigate their cases without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.  The complaint has been screened and found not to state a cognizable claim, and no defendants have appeared.  There is no indication that the Plaintiff is likely to succeed on his constitutional claims.  Finally, based on a review of the record in this case, the Court finds that Plaintiff can adequately articulate his claims.

**III.     Motion for Extension of Time**

Having considered Plaintiff's motion, it appears that after receiving the Court's June 14, 2024 screening order, Plaintiff mailed his request for extension of the deadline to file an amended complaint on July 1, 2024.  However, the motion was not received until August 2, 2024, after the Court issued the July 31, 2024 findings and recommendations to dismiss this action due to Plaintiff's failure to file an amended complaint.  Accordingly, the Court finds it appropriate to vacate the pending findings and recommendations.  Plaintiff's motion for extension of time to file a first amended complaint is granted in part.  Under the circumstances, and considering the amount of time that has already passed since the filing of Plaintiff's motion, the Court finds that an extension of thirty days, rather than ninety, is appropriate.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. at 555 (citations omitted). **Plaintiff's amended complaint may not exceed twenty-five (25) pages, exclusive of exhibits.**

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

## IV.    Order

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations issued on July 31, 2024, (ECF No. 22), are VACATED;

2. Plaintiff's request for appointment of counsel, (ECF No. 24), is DENIED, without prejudice;

3. Plaintiff's motion for extension of time, (ECF No. 24), is GRANTED IN PART;

4. The Clerk's Office shall send Plaintiff a complaint form;

5. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court's June 14, 2024 screening order (or file a notice of voluntary dismissal);

6. Any amended complaint shall be **limited to 25 pages in length**, excluding exhibits; and

7. **If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to obey a court order and failure to state a claim.**

IT IS SO ORDERED.

Dated:   **August 6, 2024**              /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE

4