# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT EMERSON FELIX,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>STEPHANIE CLANDENIN, *et al.*,<br><br>　　　　　Defendants. | Case No.  1:23-cv-00839-KES-BAM (PC)<br><br>ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO COURT ORDERS AND DENYING REQUEST FOR STAY DUE TO MEDICAL EMERGENCY AND FOR APPOINTMENT OF COUNSEL<br>(ECF No. 26)<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR RE-SERVICE OF COURT ORDERS AND GRANTING EXTENSION OF TIME TO FILE AMENDED COMPLAINT<br><br>**SIXTY (60) DAY DEADLINE** |

Plaintiff Scott Emerson Felix ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Individuals detained pursuant to California Welfare and Institutions Code § 6600 *et seq.* are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act.  *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000).

**I.      Procedural Background**

On June 14, 2024, the Court issued a screening order granting Plaintiff leave to file a first amended complaint or a notice of voluntary dismissal within thirty (30) days.  (ECF No. 21.)  The Court expressly warned Plaintiff that the failure to comply with the Court's order would result in

1

1  a recommendation for dismissal of this action, with prejudice.  (*Id.* at 10.)  Following Plaintiff's
2  failure to file an amended complaint or otherwise communicate with the Court, on July 31, 2024,
3  the Court issued findings and recommendations to dismiss this action, with prejudice, for failure
4  to state a claim, failure to obey a court order, and failure to prosecute.  (ECF No. 22.)  With the
5  filing of Plaintiff's motion for a ninety-day continuance on August 2, 2024, the Court vacated the
6  findings and recommendations and granted Plaintiff a thirty-day extension of time to file an
7  amended complaint or notice of voluntary dismissal.  (ECF Nos. 24, 25.)  Plaintiff's first
8  amended complaint or notice of voluntary dismissal were therefore due on or before September 9,
9  2024.  (ECF No. 25.)

10  Currently before the Court is Plaintiff's September 12, 2024 filing titled "Plaintiff's
11  Objections to Court Orders [ECF No. 21, ECF No. 22, ECF No. 24[1]] and Request for Stay Due to
12  Medical Emergency."  (ECF No. 26.)  The motion is signed and dated August 26, 2024.  Plaintiff
13  states that he is unable to respond to the Court's orders because he suffered a massive pulmonary
14  embolism and was subsequently sent to an outside medical facility.  When Plaintiff was admitted
15  back to DSH-Coalinga ("DSH-C"), he was sent to a medical acute care unit ("MA-2") and was
16  unable to have access to his legal work, legal work product, or the legal kiosk to prepare a timely
17  response to the Court's order.  Plaintiff was informed he may be kept on MA-2 for up to six
18  months for medical observation.  Plaintiff has filed complaints with the Patient's Rights office at
19  DSH-C for the denial of his legal work.  Plaintiff therefore seeks a medical continuance of six
20  months.  Plaintiff also requests appointment of legal counsel due to the complexities of the case,
21  legitimate and valid claims submitted in the complaint, and in light of Plaintiff's current critical
22  medical conditions.  Plaintiff further requests that the Court re-send all prior orders.  (*Id.*)

23  **II.     Plaintiff's Objections**

24  Plaintiff's filing does not appear to raise any objections to the contents of the particular
25  orders referenced.  Rather, it appears Plaintiff objects to the deadlines imposed by these orders to
26  the extent he will be unable to meet them due to his current medical condition and lack of legal

---

[1] Plaintiff's August 2, 2024 motion for a ninety-day continuance was docketed as ECF No. 24.  It appears Plaintiff is attempting to object to the Court's August 6, 2024 order vacating the July 31, 2024 findings and recommendations and granting Plaintiff a thirty-day extension of time.  (ECF No. 25.)

2

1  property.

2  To the extent Plaintiff's filing is intended as objections to the substance of the Court's
3  orders, those objections are overruled.  Plaintiff may express any disagreement with the Court's
4  June 14, 2024 screening order by filing an amended complaint which cures the deficiencies
5  identified in Plaintiff's original complaint.  The July 31, 2024 findings and recommendations to
6  dismiss this action were vacated by the Court's August 6, 2024 order, and therefore any
7  objections to those findings and recommendations are now moot.  Finally, to the extent Plaintiff
8  objects to any part of the August 6, 2024 order, Plaintiff has either re-raised the same arguments
9  addressed therein (such as in the renewed request for appointment of counsel), or Plaintiff's
10 concerns regarding the deadline set by that order will be alleviated by the further extension of
11 time granted by the instant order.

12 **III.    Motion for Stay or Medical Continuance**

13 The district court "has broad discretion to stay proceedings as an incident to its power to
14 control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. North*
15 *Amer. Co.*, 299 U.S. 248, 254 (1936)).  "Generally, stays should not be indefinite in nature."
16 *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066–67 (9th Cir. 2007).
17 If a stay is especially long or its term is indefinite, a greater showing is required to justify it.
18 *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000).  The party seeking the stay bears the burden
19 of establishing the need to stay the action.  *Clinton*, 520 U.S. at 708.

20 Based on the information presented, Plaintiff has not met his burden of establishing the
21 need to stay this action.  Despite his medical condition, Plaintiff has demonstrated that he
22 continues to have the ability to file motions, whether through the assistance of other patients or on
23 his own, (*see* ECF Nos. 23, 26), and the ability to communicate with the Court.  Further, Plaintiff
24 will not be prejudiced by the Court's denial of his request to stay the action, as the Court finds it
25 appropriate to grant a second extension of the deadline for Plaintiff to file his first amended
26 complaint.  The Court will also grant, in part, Plaintiff's request for re-service of the Court's
27 orders and will direct the Clerk of the Court to re-serve Plaintiff with the Court's June 14, 2024
28 screening order, which provides Plaintiff with the relevant legal and pleading standards for curing

the identified deficiencies in the complaint.  As there are no other orders at issue at this time, the Court does not find it necessary or appropriate to re-serve Plaintiff with copies of all orders issued in this action.[2]

**IV.     Request for Appointment of Counsel**

With respect to Plaintiff's renewed request for appointment of counsel, Plaintiff is reminded that he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases filed by prisoners and civil detainees suffering from serious medical conditions who are proceeding *pro se* in cases which they find complex and exceptional almost daily.  These litigants also must litigate their cases without the assistance of counsel and limited access to legal resources.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.  The complaint has been screened and found not to

---

[2] Plaintiff's motion for reconsideration as to temporary restraining order was received on August 2, 2024.  (ECF No. 23.)  To the extent Plaintiff seeks reconsideration of the District Judge's June 10, 2024 order adopting the findings and recommendation that Plaintiff's emergency motion for a temporary restraining order and preliminary injunction be denied, (ECF No. 20), those arguments have been received by the Court and will be addressed by separate order from the District Judge.  No further briefing on that matter is required.

state a cognizable claim, and no defendants have appeared.  There is no indication that the Plaintiff is likely to succeed on his constitutional claims.  Finally, based on a review of the record in this case, the Court finds that Plaintiff can adequately articulate his claims.

**V.     Extension of Time**

As noted above, although Plaintiff's request for a stay is denied, the Court finds it appropriate to grant Plaintiff a second extension of time to file a first amended complaint or a notice of voluntary dismissal.  The Court finds that an extension of sixty days, rather than a stay of six months, is appropriate under the circumstances.  In light of Plaintiff's medical condition and current lack of access to his legal property, Plaintiff is reminded that he may seek further extensions of time.  Any future requests for extension of time should be supported by good cause.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).  **Plaintiff's amended complaint may not exceed twenty-five (25) pages, exclusive of exhibits.**

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

**VI.    Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's objections to court orders, (ECF No. 26), are OVERRULED;
2. Plaintiff's motion to stay and renewed request for appointment of counsel, (ECF No. 26), are DENIED, without prejudice;
3. Plaintiff's request for re-service of court orders, (ECF No. 26), is GRANTED IN PART;

5

4. The Clerk's Office shall send Plaintiff:

    a. A complaint form; and

    b. A copy of the June 14, 2024 screening order, (ECF No. 21);

5. Within **sixty (60) days** from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court's June 14, 2024 screening order (or file a notice of voluntary dismissal);

6. Any amended complaint shall be **limited to 25 pages in length**, excluding exhibits; and

7. **If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to obey a court order and failure to state a claim.**

IT IS SO ORDERED.

Dated:   **September 17, 2024**                    /s/ Barbara A. McAuliffe
                                                          UNITED STATES MAGISTRATE JUDGE

6