# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT EMERSON FELIX,<br><br>   Plaintiff,<br><br>   v.<br><br>CLANDENIN, *et al.*,<br><br>   Defendants. | Case No. 1:23-cv-00839-KES-BAM (PC)<br><br>ORDER DENYING RENEWED MOTION FOR APPOINTMENT OF COUNSEL<br>(ECF No. 28)<br><br>ORDER GRANTING IN PART THIRD MOTION FOR EXTENSION OF TIME TO FILE FIRST AMENDED COMPLAINT<br>(ECF No. 29)<br><br>**SIXTY (60) DAY DEADLINE** |

**I.     Procedural Background**

Plaintiff Scott Emerson Felix ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Individuals detained pursuant to California Welfare and Institutions Code § 6600 *et seq.* are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000).

On June 14, 2024, the Court issued a screening order granting Plaintiff leave to file a first amended complaint or a notice of voluntary dismissal within thirty (30) days. (ECF No. 21.) The Court expressly warned Plaintiff that the failure to comply with the Court's order would result in a recommendation for dismissal of this action, with prejudice. (*Id.* at 10.) Following Plaintiff's

1

failure to file an amended complaint or otherwise communicate with the Court, on July 31, 2024, the Court issued findings and recommendations to dismiss this action, with prejudice, for failure to state a claim, failure to obey a court order, and failure to prosecute. (ECF No. 22.) With the filing of Plaintiff's motion for a ninety-day continuance on August 2, 2024, the Court vacated the findings and recommendations and granted Plaintiff a thirty-day extension of time to file an amended complaint or notice of voluntary dismissal. (ECF Nos. 24, 25.) On September 12, 2024, Plaintiff filed a motion requesting a stay of this action due to a medical emergency and renewing his request for appointment of counsel. (ECF No. 26.) Plaintiff's request for counsel was again denied, and Plaintiff was granted a second extension of time. (ECF No. 27.) Plaintiff's first amended complaint or notice of voluntary dismissal were therefore due on or before November 19, 2024. (*Id.*)

Currently before the Court are Plaintiff's renewed motion requesting appointment of counsel and motion for a third extension of time, filed November 25, 2024. (ECF Nos. 28, 29.) In his motions, Plaintiff states that he was getting ready to file his amended complaint on October 9, 2024, but on that same day he was transferred from MA-2 (a Medical Unit) to Program II (Unit 2). Since the move, Plaintiff has been denied his legal property and access to his amended complaint. When Plaintiff finally received his pro se legal work on October 25, 2024, he discovered that the amended complaint and motion for appointment of legal counsel were missing from his property. Plaintiff believes that the amended complaint and other legal materials were maliciously destroyed by DSH-Coalinga staff when they packed his personal and legal property after Plaintiff's transfer from MA-II to Unit-2 Program II. Plaintiff requests appointment of counsel to protect his liberty and property interests, a 90 to 120-day continuance for counsel, and if denied, moves for a notice of appeal to the Ninth Circuit Court of Appeals.[1] (ECF No. 29.)

///

///

---

[1] To the extent Plaintiff seeks to file a notice of appeal to the Ninth Circuit of Appeals based on the Court's denial of his motion for appointment of counsel, he may file such a notice <u>after</u> the instant order is docketed and served on Plaintiff. The Court declines to consider Plaintiff's filing as a notice of appeal when the order he purports to appeal had not yet been issued at the time the document was filed.

**II.     Renewed Motion for Appointment of Counsel**

In spite of Plaintiff's arguments to the contrary, Plaintiff is reminded that he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases filed by prisoners and civil detainees suffering from serious medical conditions who are proceeding *pro se* in cases which they find complex and exceptional almost daily.  These litigants also must litigate their cases without the assistance of counsel and with limited access to legal resources.  Although Plaintiff may be temporarily limited in his access to his legal property, if he needs additional time to meet the Court's deadlines he may seek an extension of time, as he has repeatedly done in this action.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.  Plaintiff's original complaint was screened and found not to state cognizable claims, and the Court is awaiting the filing of Plaintiff's amended complaint for screening.  Finally, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.  Plaintiff has provided a dozen typed pages of research and caselaw to support his argument that appointment of counsel is appropriate

(and even required) in this action. While the arguments presented are more appropriately raised in an action brought against Plaintiff, rather than one in which he has chosen to prosecute an action, Plaintiff has demonstrated that he remains capable of presenting a thorough and detailed argument in support of his contentions.

**III.     Extension of Time**

Finally, with respect to Plaintiff's request for an extension of time to file an amended complaint, the Court finds good cause to grant, in part, the requested extension. The Court finds that an extension of sixty days is appropriate under the circumstances. In light of Plaintiff's medical condition and current lack of access to his legal property, Plaintiff is reminded that he may seek further extensions of time. **However, future requests for extension of this deadline must be supported by good cause, and will be subject to a narrow interpretation of what constitutes good cause.**

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). **Plaintiff's amended complaint may not exceed twenty-five (25) pages, exclusive of exhibits.**

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

**IV.     Order**

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's renewed motion to appoint counsel, (ECF No. 28), is DENIED, without prejudice;

2. Plaintiff's third motion for extension of time to file an amended complaint, (ECF No. 29), is GRANTED IN PART;

3. The Clerk's Office shall send Plaintiff a complaint form;

4. Within **sixty (60) days** from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in the June 14, 2024 screening order or file a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a); and

5. **The failure to comply with this order will result in a recommendation to dismiss this action, with prejudice, for failure to obey a court order and for failure to state a claim**.

IT IS SO ORDERED.

Dated:  **December 4, 2024**          /s/ *Barbara A. McAuliffe*
                                      UNITED STATES MAGISTRATE JUDGE