# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT EMERSON FELIX,<br><br>    Plaintiff,<br><br>    v.<br><br>CLANDENIN, *et al.*,<br><br>    Defendants. | Case No. 1:23-cv-00839-KES-BAM (PC)<br><br>ORDER DENYING RENEWED MOTION FOR APPOINTMENT OF COUNSEL<br>(ECF No. 32)<br><br>ORDER GRANTING IN PART MOTION FOR EXTENSION OF TIME TO FILE OBJECTIONS TO FINDINGS AND RECOMMENDATIONS<br>(ECF No. 32)<br><br>**THIRTY (30) DAY DEADLINE** |

## I.    Procedural Background

Plaintiff Scott Emerson Felix ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Individuals detained pursuant to California Welfare and Institutions Code § 6600 *et seq.* are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000).

On June 14, 2024, the Court issued a screening order granting Plaintiff leave to file a first amended complaint or a notice of voluntary dismissal within thirty (30) days. (ECF No. 21.) The Court expressly warned Plaintiff that the failure to comply with the Court's order would result in

1

a recommendation for dismissal of this action, with prejudice. (*Id.* at 10.) Following Plaintiff's failure to file an amended complaint or otherwise communicate with the Court, on July 31, 2024, the Court issued findings and recommendations to dismiss this action, with prejudice, for failure to state a claim, failure to obey a court order, and failure to prosecute. (ECF No. 22.) With the filing of Plaintiff's motion for a ninety-day continuance on August 2, 2024, the Court vacated the findings and recommendations and granted Plaintiff a thirty-day extension of time to file an amended complaint or notice of voluntary dismissal. (ECF Nos. 24, 25.) Following two additional extensions of time and Plaintiff's failure to file an amended complaint or otherwise communicate with the Court, on February 25, 2025 the Court re-issued findings and recommendations to dismiss this action, with prejudice, for failure to state a claim, failure to obey a court order, and failure to prosecute. (ECF No. 31.)

Currently before the Court is Plaintiff's emergency notice of motion and motion for 30–60 day extension of time and motion for appointment of counsel, filed March 10, 2025. (ECF No. 32.) Plaintiff states that he recently suffered another medical emergency (including another possible Pulmonary Embolism) with chronic "Cellutlitis" medical conditions requiring 14 days of antibiotics, which has rendered him physically and psychologically disabled for the purpose of this action. Plaintiff has acquired assistance of a patient assistance to assist him in litigating his claims, but due to his assistant being moved to another unit, his assistant becoming ill and then quarantined due to norovirus on two occasions, and Plaintiff's subsequent medical emergency, they were unable to complete Plaintiff's amended complaint by the prior February 5, 2025 deadline. Plaintiff states that he sent a motion for a thirty-day extension of time on February 3, 2025, but never received a response from the Court. Plaintiff then received the Court's February 25, 2025 findings and recommendations, but due to Plaintiff's current medical conditions and retaliatory acts against Plaintiff's assistant, Plaintiff' requests another 30–60 day extension. (*Id.*)

Plaintiff also renews his request for appointment of counsel due to the factual complexity of this case, Plaintiff's limited ability to investigate, the existence of conflicting testimony, the ability of Plaintiff to present his claim due to lack of access to legal resources and training and Plaintiff's numerous medical conditions, and the legal complexity and merits of the case. (*Id.* at

14–23.)

Plaintiff specifically requests the appointment of counsel, a 30–60 day continuance, disqualification of the undersigned "due to prejudice against Plaintiff and the § 6600 class," a stay of the current deadline for filing objections to the pending findings and recommendations, and that the Court respond to Plaintiff's February 3, 2025 request for extension of time. As in his prior request for appointment of counsel, Plaintiff states that if all parts of his requested relief are denied, Plaintiff moves for Notice of Appeal to the Ninth Circuit Court of Appeals.[1] (*Id.* at 3.)

## II.     Disqualification or Recusal of Magistrate Judge

A Magistrate Judge must disqualify themselves if their "impartiality might be reasonably questioned," 28 U.S.C. § 455(a), or if they have "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," 28 U.S.C. § 455(b)(1). Pursuant to 28 U.S.C. § 144, "[w]henever a party to any proceeding in a district court makes a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein. . . ."

Under both statutes, the objective test for determining whether recusal is required is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010) (quotation marks and citation omitted); *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008).

Motions to disqualify a judge pursuant to 28 U.S.C. § 455 must be decided by the judge whose impartiality is being questioned. *In re Bernard*, 31 F.3d 842, 843 (9th Cir. 1994) (citing *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980)). Similarly, the determination of whether an affidavit filed under 28 U.S.C. § 144 is "sufficient" is also made by the challenged judge. *United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978); *Grimes v. United States*, 396

---

[1] As previously stated, to the extent Plaintiff seeks to file a notice of appeal to the Ninth Circuit of Appeals based on the Court's denial of his motion for appointment of counsel, he may file such a notice <u>after</u> the instant order is docketed and served on Plaintiff. The Court declines to consider Plaintiff's filing as a notice of appeal when the order he purports to appeal had not yet been issued at the time the document was filed.

3

F.2d 331, 333 (9th Cir. 1968). Accordingly, the undersigned will address Plaintiff's motion.

In support of his request for disqualification, Plaintiff states that, "this Magistrate along with the Eastern District, continues to protect the Respondents for their regional economic state, and prejudice against the § 6600 class due to their disenfranchised political status, and [the undersigned]'s acts of discrimination for the constant denial of Plaintiff's Requests for Appointment of Counsel, and the failure to disqualify herself." (ECF No. 32, p. 3.)

Plaintiff's allegations of bias or prejudice by the undersigned arise out of the undersigned's rulings in this action. Specifically, Plaintiff disagrees with the Court's denials of his requests for appointment of counsel. Plaintiff's disagreement with the Court's rulings in this action is not a legitimate ground for seeking recusal or disqualification. "[J]udicial rulings or information acquired by the court in its judicial capacity will rarely support recusal." *Johnson*, 610 F.3d at 1147 (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Furthermore, "[a]dverse findings do not equate to bias." *Johnson*, 610 F.3d at 1147. Recusal "is required 'only if the bias or prejudice stems from an extrajudicial source and not from conduct or rulings made during the course of the proceeding.'" *Pau v. Yosemite Park & Curry Co.*, 928 F.2d 880, 885 (9th Cir. 1991) (quoting *Toth v. TransWorld Airlines*, 862 F.2d 1381, 1388 (9th Cir. 1988)). There is no evidence, beyond Plaintiff's conclusory and unsupported allegations, that the undersigned's orders were derived from any extrajudicial source beyond the papers and record in this matter. Plaintiff's allegations of bias are legally insufficient to establish a reasonable question as to the undersigned's impartiality or that a bias or prejudice exists. Plaintiff's request for disqualification is therefore denied.

**III.    Renewed Motion for Appointment of Counsel**

In spite of Plaintiff's repeated and extensive arguments to the contrary, Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel

4

pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed by prisoners and civil detainees suffering from serious medical conditions who are proceeding *pro se* in cases which they find complex and exceptional almost daily. These litigants also must litigate their cases without the assistance of counsel and with limited access to legal resources. Although Plaintiff may be temporarily limited or delayed in prosecuting this action due to his medical conditions, if he needs additional time to meet the Court's deadlines he may seek an extension of time, as he has repeatedly done in this action.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Plaintiff's original complaint was screened and found not to state cognizable claims, and the Court is awaiting the filing of Plaintiff's amended complaint for screening. Finally, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Plaintiff has again provided more than a dozen typed pages of research and caselaw to support his argument that appointment of counsel is appropriate (and even required) in this action. While the arguments presented are more appropriately raised in an action brought against Plaintiff, rather than one in which he has chosen to prosecute an action, Plaintiff has demonstrated that he remains capable of presenting a thorough and detailed argument in support of his contentions.

**III.    Extension of Time**

Finally, with respect to Plaintiff's request for an extension of time to file objections to the findings and recommendations, the Court finds good cause to grant, in part, the requested

extension. The Court finds that an extension of thirty days is appropriate under the circumstances. **Any future requests for extension of this deadline must be supported by good cause, and will be subject to a narrow interpretation of what constitutes good cause**.

Although Plaintiff states that he sought a previous extension of time on February 3, 2025, the Court notes that this motion was never received. Thus, the Court did not issue any order in response. While Plaintiff has attached a copy of the motion he purportedly filed on that date, (ECF No. 32, pp. 10–11), the Court has no evidence that such motion was actually sent to the Court. Plaintiff's amended complaint was originally due eight months ago, and Plaintiff was provided with multiple opportunities to timely file his amended complaint. Plaintiff has repeatedly missed the provided deadlines while also filing lengthy and frivolous motions requesting relief on the same grounds for which such relief was already denied. Accordingly, the extension of time granted here permits **only** the filing of Plaintiff's objections to the pending findings and recommendations. **Any amended complaint submitted at this juncture, without explicit leave of Court, will not be considered, given Plaintiff's delay and his multiplying these proceedings.**

### IV.   Order

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's renewed motion to appoint counsel, (ECF No. 32), is DENIED, without prejudice;
2. Plaintiff's motion for extension of time to file objections to the February 25, 2025 findings and recommendations, (ECF No. 32), is GRANTED IN PART; and
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file his objections, if any, to the February 25, 2025 findings and recommendations.

IT IS SO ORDERED.

Dated:   **March 12, 2025**          /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE

6