UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT EMERSON FELIX,<br><br>    Plaintiff,<br><br>v.<br><br>CLANDENIN, et al.,<br><br>    Defendants. | No. 1:23-cv-00839-KES-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY COURT ORDERS, AND FAILURE TO PROSECUTE<br><br>Doc. 31 |

       Plaintiff Scott Emerson Felix is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Individuals detained pursuant to California Welfare and Institutions Code § 6600 *et seq.* are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act.  *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000).  This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

       On June 14, 2024, the assigned magistrate judge screened the complaint and granted plaintiff leave to file a first amended complaint or a notice of voluntary dismissal within thirty (30) days.  Doc. 21.  Plaintiff was warned that failure to comply with the Court's order would result in a recommendation for dismissal of this action, with prejudice.  *Id.*  On July 31, 2024, following plaintiff's failure to file an amended complaint or otherwise communicate with the Court, the magistrate judge issued findings and recommendations to dismiss this action, with prejudice, for failure to state a claim, failure to obey a court order, and failure to prosecute. Doc. 22.  After plaintiff filed a motion for a ninety-day continuance on August 2, 2024, the

1   magistrate judge vacated the findings and recommendations and granted plaintiff a thirty-day

2   extension of time to file an amended complaint or a notice of voluntary dismissal.  Docs. 24, 25.

3   Plaintiff was granted a third extension of time on December 4, 2024.  Docs. 29, 30.

4         Plaintiff thereafter did not file an amended complaint or otherwise communicate with the

5   Court, and on February 25, 2025, the magistrate judge again issued findings and

6   recommendations to dismiss this action, with prejudice, for failure to state a claim, failure to obey

7   court orders, and failure to prosecute.  Doc. 31.  Those findings and recommendations were

8   served on plaintiff and contained notice that any objections thereto were to be filed within

9   fourteen days after service.  *Id.*  On March 13, 2025, the magistrate judge granted plaintiff's

10  motion for a thirty-day extension of time to file objections.  Docs. 32, 33.  On April 28, 2025,

11  plaintiff filed late objections.  Doc. 34.[1]

12        In his objections, Plaintiff primarily argues that the findings and recommendations relied

13  on the incorrect standard in considering his Fourteenth Amendment conditions of confinement

14  claim.  Doc. 34.  Specifically, the findings and recommendations relied on the objective

15  deliberate indifference standard in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), a case

16  involving a claim brought by a pretrial detainee.  Plaintiff contends that the correct legal standard

17  applicable to conditions of confinement claims brought by a civil detainee is that provided in

18  *Jones v. Blanas*, 393 F.3d 918 (9th Cir. 2004).

19        In *Jones*, the Ninth Circuit held that civil detainees cannot be held in conditions that

20  amount to punishment.  *Jones*, 393 F.3d at 932.  "The Fourteenth Amendment requires the

21  government to do more than provide the 'minimal civilized measure of life's necessities,' for non-

22  convicted detainees.  Rather, 'due process requires that the nature and duration of commitment

23  bear some reasonable relation to the purpose for which the individual is committed.'"  *Id.* at 931

---

[1] In addition to his objections to the findings and recommendations, plaintiff filed a first amended complaint on April 28, 2025.  Doc. 35.  However, the magistrate judge's March 13, 2025 order granting an extension of time for plaintiff to file objections to the findings and recommendations recommending dismissal of his complaint, Doc. 31, also informed plaintiff that, due to his delay and his multiplying of the proceedings, any further amended complaint would not be considered without explicit leave of the Court.  *See* Doc. 33 at 6.  Plaintiff was not granted leave to file the first amended complaint.

2

(citations omitted). Punitive conditions of confinement are those that are either expressly intended to punish or those that are "excessive in relation to the alternative purpose." *Demery v. Arpaio*, 378 F.3d 1020, 1028 (9th Cir. 2004) (quoting *Bell v. Wolfish*, 441 U.S. 520, 538 (1979)). "Persons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." *Youngberg v. Romeo*, 457 U.S. 307, 321–22 (1982).

In determining whether specific conditions constitute punishment, the Ninth Circuit has applied a presumption that a civil detainee is being held in unconstitutionally punitive conditions when said conditions are "identical to, similar to, or more restrictive than, those in which his criminal counterparts are held" or when "an individual awaiting SVPA adjudication is detained under conditions more restrictive than those the individual would face following SVPA commitment." *King v. County of Los Angeles*, 885 F.3d 548, 557 (9th Cir. 2019) (quoting *Jones*, 393 F.3d at 932–33). Once the presumption is found to apply, "the burden shifts to the defendant to show (1) 'legitimate, non-punitive interests justifying the conditions of [the detainee's] confinement' and (2) 'that the restrictions imposed . . . [are] not 'excessive' in relation to these interests.'" *King*, 885 F.3d at 557 (quoting *Jones*, 393 F.3d at 935)).

While plaintiff correctly notes that the findings and recommendations relied, in part, on the objective deliberate indifference standard set forth in *Kingsley*, the magistrate judge also found that plaintiff failed to make a showing that installation of the Norix furniture would amount to "punishment" in violation of *Jones*. Doc. 31 at 8–9. Contrary to plaintiff's argument in his objections, plaintiff has presented no more than conclusory allegations that installation of the Norix furniture would meet either of the *Jones* presumptions that plaintiff is being held in unconstitutionally punitive conditions. The lack of an explanation for the facility's change to Norix furniture, without more, does not automatically indicate that the motivation was punishment or that there was not a non-punitive interest justifying the change. *See King*, 885 F.3d at 557. Plaintiff alleges only the physical discomfort of a hard plastic chair instead of a padded chair, reduced available storage space, and reduction in privacy from the new cell furniture. Plaintiff fails to make any showing that installation of the new furniture amounts to

punishment in violation of the Fourteenth Amendment.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1), this Court has conducted a de novo review of the case. Having carefully reviewed the file, including plaintiff's objections, the Court concludes that the findings and recommendations are supported by the record and by proper analysis.

Accordingly:

1. The findings and recommendations issued on February 25, 2025, Doc. 31, are adopted in full;
2. This action is dismissed, with prejudice, due to plaintiff's failure to state a claim, failure to obey court orders, and failure to prosecute; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   July 18, 2025

UNITED STATES DISTRICT JUDGE

4